James A. WATSON, Plaintiff,

v.

CHEMICAL LEAMAN TANK LINES, INC., Defendant.

Civ. A. No. 14853.

United States District Court
D. Maryland.

Nov. 23, 1966.

Joseph H. Koonz, Jr., Washington, D. C., for plaintiff.

David M. Buffington and Thomas Waxter, Jr., Baltimore, Md., for defendant.

HARVEY, District Judge:

In this diversity action, plaintiff, a truck driver, is suing a common carrier (Chemical), seeking damages for personal injuries received by him allegedly as the result of Chemical's negligence.

Plaintiff was employed by one Kelley L. Asbury (Asbury) who contracted with Chemical to supply certain tractors and drivers to be used by Chemical to perform a contract with North American Cement Corporation (North American) for hauling cement. Chemical has moved for summary judgment on the grounds that it is a statutory employer under the Maryland Workmen's Compensation Act and that since plaintiff has heretofore filed for and secured compensation from the Maryland Workmen's Compensation Commission (the Commission), he is barred under Maryland law from maintaining this action.

The facts, as shown by the affidavits, by answers to interrogatories filed by both parties and by subpoenaed records of the Commission are not in dispute. Chemical is a common interstate carrier which contracted with North American to haul bulk cement to various destinations within and outside the State of Maryland. In order to perform its contract with North American, Chemical contracted with Asbury for tractors and drivers, and plaintiff was one of Asbury's employees thereby supplied.

On July 16, 1962, while plaintiff was unloading concrete from one of Chemical's tank-trailers at Silver Hill Sand and Gravel Company (Silver Hill) in Silver Hill, Md., an explosion occurred, and plaintiff was injured. On September 6, 1962, plaintiff filed with the Commission a claim for compensation for such injury. He listed his employer as "Kelley L. Ashbury (sic) c/o Chemical Tank Lines." On October 23, 1962, plaintiff was awarded compensation by the Commission for temporary total disability in the amount of $48.00 a week commencing July 20, 1962, the award being subject to further determination by the Commission as to whether the plaintiff had sustained any permanent disability. Thereafter a hearing was held before the Commission on July 16, 1964, and a Supplemental Award was made on August 4, 1964, entitling the claimant to compensation equal to $6,595 for permanent partial disability and an additional sum of $300 for supplemental temporary total compensation after December 31, 1963, the termination date of the award made by the Commission's Order of October 23, 1962.

Under the Maryland Workmen's Compensation Act, Article 101 of the Annotated Code of Maryland, the liability of a conforming employer for disability of an employee resulting from accidental personal injury sustained by such employee arising out of and in the course of his employment is exclusive, as prescribed therein, and an employee cannot maintain a suit against his employer for such injuries.[1] However, an employee may maintain an action at law against a third party causing the injury.[2] Where certain prescribed conditions exist, a third party becomes a statutory employer, and under § 62 of Art. 101 is entitled to the same immunity from suit as an ordinary employer. The portions of § 62 pertinent to the instant suit are as follows:

"When any person as a principal contractor, undertakes to execute any work which is a part of his trade, business or occupation which he has contracted to perform and contracts with any other person as subcontractor, for the execution by or under the subcontractor, of the whole or any part of the work undertaken by the principal contractor, the principal contractor shall be liable to pay to any workman employed in the execution of the work any compensation under this article which

---

1. Art. 101, § 15.  2. Art. 101, § 58.

he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal contractor, then, in the application of this article, reference to the principal contractor shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed."

Several decisions of the Maryland Court of Appeals have recognized that in a negligence action if the relationship between the plaintiff's employer and the defendant is that of subcontractor and contractor, the defendant is a statutory employer of the plaintiff, and the plaintiff's exclusive remedy would be under the Act. Roland v. Lloyd E. Mitchell, Inc., 221 Md. 11, 155 A.2d 691 (1959); State to Use of Reynolds v. City of Baltimore, 199 Md. 289, 86 A.2d 618 (1952); State to Use of Hubert v. Benjamin F. Bennett Building Co., 154 Md. 159, 140 A. 52 (1928). On the other hand, if the plaintiff in such an action is not a statutory employee of the defendant he may maintain a tort action for alleged negligence in accordance with § 58 of Art. 101. M. A. Long Co. v. State Accident Fund, 156 Md. 639, 144 A. 77 (1929); Ryan v. Bethlehem Sparrows Point Shipyard, Inc., 209 F.2d 53 (4 Cir. 1953).

This court has had occasion to consider the scope and application of § 62 in a somewhat different context in Palumbo v. Nello L. Teer Co., 240 F.Supp. 226 (D. Md.1965). The question in that case was whether a copartner of a sub-subcontracting partnership was a "workman employed in the execution of the work" under § 62 so that such copartner's suit against the general contractor would be barred under the Workmen's Compensation Act. In holding that § 62 applies only to those workmen who are employees of another, Judge Winter (at pages 231–232) quoted language from the Bennett Bldg. Co. case, supra, to the

effect that under this Section, where the prescribed conditions exist, the principal contractor becomes by the Act the statutory employer of any workman employed in the execution of the work. See also Donohue v. Maryland Casualty, 248 F.Supp. 588 (D.Md.1965).

Plaintiff relies on the *Ryan* case, supra, in support of his contention that the Maryland Workmen's Compensation Act is no bar to his present suit against Chemical. The *Ryan* case is indeed pertinent, for there also the court recognized the principle that under Maryland law a third party may not be sued if it is a statutory employer under the Workmen's Compensation Act. The court held, however, that there must be a subcontract involved between the defendant in such a suit and the actual employer of the plaintiff and not merely an agreement to sell. In that case the injured party brought suit against Bethlehem Sparrows Point Shipyard, Inc., as the result of an accident occurring while he was working on Bethlehem's premises in connection with the construction of a vessel for A. C. Tankers, Inc. Bethlehem had entered into a contract with Carrier Corporation for the purchase of certain refrigerating machinery to be installed on the vessel. The court found that the installation work done by the plaintiff in that case was merely one step by Carrier Corporation in making the refrigerating machinery conform to the terms of the contract between Carrier and Bethlehem. The court held that the contract was in fact an agreement to sell rather than a subcontract and that, therefore, the Maryland Workmen's Compensation Act was no bar to the suit.

The uncontradicted facts of the present case show that the contract between Asbury and Chemical was a true subcontract and not an agreement to sell. Chemical's affidavit filed with its Motion for Summary Judgment states that Chemical does business in the State of Maryland as a common carrier; that Chemical contracted with North American to haul cement to various destinations; that in order to perform the con-

tract with North American, Chemical contracted with Asbury for tractors and drivers for the purpose of carrying out such contract with North American; that one of the drivers employed by Asbury to perform the Chemical-North American contract was the plaintiff; that pursuant to its contract with North American, Chemical had agreed to deliver cement to Silver Hill, and that plaintiff was employed in the execution of the actual carriage work and was in the execution thereof and performing the duties thereof at the time of the alleged accident. Plaintiff likewise admits in its answers to defendant's interrogatories that the type of work he was performing on the date of the accident was part of the regular business of Asbury and of Chemical. Although plaintiff has filed an Opposition to Motion for Summary Judgment together with a memorandum of authorities, he has furnished no affidavit, nor other evidence, controverting these facts, which establish that defendant was a statutory employer under the aforesaid § 62.

■ Plaintiff contends that there are material issues of fact which have not been resolved by the record in this case, and that, therefore, this court should deny the Motion for Summary Judgment. It is contended first that the actual terms of the agreement between Chemical and North American and the further agreement between North American and Silver Hill are not before the court and, therefore, a proper decision cannot be made herein. The agreement between North American and Silver Hill is not material to the issues raised by this motion. Furthermore, the record clearly shows that the agreement between Chemical and North American is one for performance of the services of carrying cement and not for the sale of cement.

Secondly, it is contended that the record does not show that defendant carries workmen's compensation insurance covering plaintiff. At the hearing on this motion, plaintiff at first objected to the introduction of exhibits offered by Chemical to show that it carried workmen's compensation insurance. When it appeared that such exhibits had been offered merely to show that Chemical had complied with the Act by securing necessary insurance, plaintiff withdrew his objection, and the exhibits were received in evidence. Plaintiff contends that neither these exhibits nor any other evidence show that he personally is covered by such insurance and that unless the evidence is clear on this point, he is not barred by §§ 15 and 62 of Art. 101 from bringing this suit.

■■ When §§ 15 and 62 are read together, it is clear that a contractor which satisfies the requirements of § 62 automatically becomes an employer under the terms of § 15. "Every employer subject to the provisions of this article, * * *" as provided in § 15 includes a statutory employer under § 62 in view of the provision in the latter section that "where compensation is claimed from or proceedings are taken against the principal contractor, then, in the application of this article, reference to the principal contractor shall be substituted for reference to the employer * * *." Where as here the evidence shows that Chemical has procured insurance in compliance with the Act, statutory employees as well as ordinary employees may claim benefits under such insurance.

For the reasons stated, the Motion for Summary Judgment of Chemical is granted. Counsel will prepare and submit an appropriate order.