Carlos A. SINGLETON and Shelby Singleton, Appellants,

v.

J.P. STEVENS & CO., INC., Appellee,

v.

HUNTINGTON AND GUERRY ELECTRIC COMPANY, Third-Party Defendant.

No. 82–1153.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1983.

Decided Feb. 9, 1984.

Rehearing and Rehearing En Banc Denied March 26, 1984.

---

**3.** We also find petitioners' claims relating to the abridgement of their associational rights to

be without merit.

R. Frank Plaxco, Greenville, S.C. (Leatherwood, Walker, Todd & Mann, Greenville, S.C., on brief), for appellants.

W. Francis Marion, Jr., Greenville, S.C. (Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S.C., on brief), for appellee.

Before WINTER, Chief Judge, HALL, Circuit Judge, and BRYAN, Senior Circuit Judge.

K.K. HALL, Circuit Judge:

In this diversity action based on negligence, Carlos A. Singleton (Singleton) and his wife, Shelby Singleton, appeal from an adverse district court order 553 F.Supp. 887, granting summary judgment to J.P. Stevens & Company, Inc. (Stevens). Finding no error, we affirm.

I.

Stevens operates a textile manufacturing plant in Walterboro, South Carolina. In March, 1976, Stevens experienced difficulty with one of the high voltage cables in its plant and requested Huntington and Guerry Electric Company (Huntington), which had previously completed electrical work at Stevens' other plants, to correct the problem.

While repairing the faulty line, Huntington determined that all of the high voltage cables in the plant needed repair. Because the plant was electrically operated, Stevens scheduled Huntington to make these repairs during the July 4th vacation week while the plant was closed. On July 8, while cable repair was underway, Stevens' electrician activated a high voltage switch, thereby shocking and seriously injuring Singleton, one of Huntington's workmen.

Singleton and his wife brought this negligence action against Stevens in September, 1980, to recover actual and punitive damages. As part of this action, Shelby Singleton alleged loss of consortium. Stevens answered by asserting that it was immune from suit under the South Carolina Workmen's Compensation Act (the "Act").[1] Specifically, Stevens argued that because Singleton was performing part of Stevens' trade, business, and occupation, Singleton was Stevens' statutory employee under the Act and, therefore, Stevens was immune from common law liability for negligence.

Following the parties' cross-motions for summary judgment, the district court granted summary judgment for Stevens and dismissed the action on the grounds that: (1) Singleton was performing part of Stevens' trade, business, or occupation, and had Huntington not paid workmen's compensation to Singleton, Stevens would have been obliged to do so; and (2) Singleton was not a "casual employee" under the Act.

## II.

■ On appeal, the plaintiffs contend that the district court erred by finding that Singleton was a statutory employee and by further finding that he was not a "casual employee." We disagree.

Section 42–1–400 of the Act states that

[w]hen any person ... referred to as "owner," undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (... referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation ... which he would have been liable to pay if the workman had been immediately employed by him.

Section 42–1–540 of the Act further provides that relief under the Act precludes all other injury-related remedies which an em-

ployee might otherwise have against his employer. Thus, to escape the statutory bar of the Workmen's Compensation Act, Singleton must *not* have been performing any work which was part of Stevens' trade, business, or occupation at the time of his injury.

The South Carolina Supreme Court has held that an individual is performing the trade, business, or occupation of the employer if that individual contracts with the employer to perform a duty which is essential to the function of the employer's continued business, even if the employer may have never performed the same chore with his own employees. *See, e.g., Boseman v. Pacific Mills,* 193 S.C. 479, 8 S.E.2d 878 (1940). Because the pertinent facts in *Boseman* are strikingly similar to the facts in the present case, we conclude that *Boseman* controls our disposition of this appeal.

In *Boseman,* the owner of a textile manufacturing mill, contracted with Jack Martin to paint a water tank which provided fire protection for the mill. The contract provided that Martin would be an independent contractor, and not an employee of the mill owner. Martin hired Archie Boseman to assist him in performing the contract. While painting the tower, Boseman was killed. A guardian ad litem for Boseman's son subsequently brought an action against the mill owner for workmen's compensation benefits. In finding Boseman to be a statutory employee, the court observed that

[t]he tank was an integral part of the mill business. There was also testimony to the effect that the mill desired that the work on the inside of the tank be completed as soon as possible so that its everyday, ordinary service, that of fire protection, could be resumed, it being shown that the mill depended upon this tank for such protection. The very nature of the work done by the mill, that of the manufacture of cotton into cloth, especially required the best of protection against fire. Hence, this tank was particularly necessary and essential in the operation and carrying on of the business of

---

**1.** S.C.Code Ann. § 42–1–10 *et seq.* (Law.Co-op.      Supp.1983).

the mill. It, therefore, follows that the painting of the tank was such a part of the trade, business or occupation of the [mill owner] as would constitute Martin a subcontractor, and thus render the mill liable to the beneficiary of Boseman for payment of compensation.

193 S.C. at 483, 8 S.E.2d at 880.

The factual similarities between *Boseman* and the instant case make it clear that Singleton was a statutory employee. Here, Stevens needed to have its electrical lines repaired. As in *Boseman,* an independent contractor was engaged to complete the work as quickly as possible—in this case, over the fourth of July break so that production could be resumed after the holiday. Singleton, like Boseman, was hired by the independent contractor. It is undisputed that the power lines were essential to the operation of the Stevens plant. Indeed, since the plant could not operate without the electrical lines, the lines were more essential to the Stevens plant than the water tank was to the mill in *Boseman.* Singleton was injured while repairing the electrical lines. Thus, Singleton was injured while performing a job essential to the function of Stevens' business. Accordingly, we conclude that the district court properly found that Singleton was a statutory employee under the Act.[2]

Nor can we agree with appellants that in *Bridges v. Wyandotte, Worsted Co.,* 243 S.C. 1, 132 S.E.2d 18 (1963), the South Carolina Supreme Court abandoned *Boseman* and the "essential to business" standard in

favor of a standard by which an individual can be found to be a statutory employee only if the company hiring him has used its own employees in performing similar tasks. In *Bridges,* the South Carolina Supreme Court recognized that the Act *"includes* work or activities usually or customarily performed by the owner or principal employer in carrying on the general trade or business," (emphasis added), and that because the work in that case "was a part of the work ordinarily and customarily performed by employees of the defendant . . . . it was a part of the trade, business, or occupation of the defendant." 243 S.C. at 11–12, 132 S.E.2d at 23. The court did not, however, state that it was adopting a new standard, or that the Act was meant to *exclude* from coverage individuals who perform work or activities not performed by the owner or his employees.[3] Moreover, the South Carolina Supreme Court's continued reliance on *Boseman* subsequent to *Bridges* belies appellants' allegation that *Boseman* is no longer good law. *See Wilson v. Duke Power Co.,* 273 S.C. 610, 616, 258 S.E.2d 101, 104. *See also MacMullen v. South Carolina Electric & Gas Co.,* 312 F.2d 662, 665 (4th Cir.1962), *Mack v. R.C. Motor Lines, Inc.,* 365 F.Supp. 416, 421–22 (D.S.C.1973).

### III.

■ Appellants further contend that the district court erred by finding that Singleton was not a "casual employee." We disagree. Pursuant to S.C.Code Ann. § 42–1–360 (Law.Co-op.Supp.1983), "casual employ-

---

**2.** Appellants' reliance on *Byrd v. Blue Ridge Rural Electric Cooperative,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958), *reversing Blue Ridge Rural Electric Cooperative v. Byrd,* 238 F.2d 346 (4th Cir.1956), is misplaced. Despite an analogous fact situation, *Byrd* is procedurally distinct from the instant case. In *Byrd,* the district court held for the plaintiff without allowing the defendant to introduce evidence of an affirmative defense. This Court reversed the district court and directed entry of a judgment for the defendant. The Supreme Court reversed this Court, holding that we had denied the plaintiff his constitutional right to a jury trial by precluding him from introducing evidence to rebut the defendant's affirmative defense. Here, however, Singleton was given every opportunity to present his case and, in light

of the evidence presented, the district judge did not err by failing to submit the case to the jury.

**3.** Indeed, *Bridges* is consistent with *Boseman.* In *Bridges,* an independent contractor was engaged to replace an electrical line which was essential to the operation of defendant's textile plant. Usually, the defendant's electrical lines were maintained by the defendant's own employees. Bridges, one of the contractor's employees, was injured while replacing the line and was paid workmen's compensation by the contractor's compensation carrier. The Supreme Court dismissed Bridges' common law action against the defendant on the ground that Bridges' sole remedy was under the Act.

ees" are not covered by the Act; however, the South Carolina Supreme Court has found employment to be "casual" only where the employment contact has been limited to a brief, isolated incident. *See Benbow v. Edmunds High School,* 220 S.C. 363, 67 S.E.2d 680 (1951); *Jolly v. Atlantic Greyhound Corp.,* 207 S.C. 1, 35 S.E.2d 42 (1945). In the instant case, Stevens had contracted with Huntington for the repair of electrical circuits at Stevens' other plants on numerous occasions. As Huntington's agent, Singleton cannot divorce himself from Huntington's continuing relationship with Stevens. Consequently, the district court did not err in finding that Singleton was not a "casual employee."

IV.

After a careful review of the record, we conclude that appellants' additional challenges to the judgment below are also without merit. Accordingly, for the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.