Luther Craig SMITH, Appellant,

v.

FCX, INC., Appellee.

No. 83–1993.

United States Court of Appeals,
Fourth Circuit.

Argued June 5, 1984.

Decided Oct. 2, 1984.

Donna Keene Holt, Columbia, S.C., for appellant.

Lawrence B. Orr, Columbia, S.C. (Bridges & Orr, Columbia, S.C., on brief), for appellee.

Before MURNAGHAN and SPROUSE, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

HAYNSWORTH, Senior Circuit Judge:

Smith brought this action in the diversity jurisdiction for personal injuries he sustained at a grain storage facility owned by the defendant. Plaintiff's employer, Smith and Sons, had been engaged to do electrical work on a grain dryer at that facility, and the district court held that Smith was a "statutory employee" of FCX within the meaning of the South Carolina Workmen's Compensation Act. S.C.Code § 42–1–10, *et seq.* We agree.

I.

FCX, a North Carolina corporation, owns and operates a number of retail service centers and grain markets. One of them is located between Latta and Dillon, South Carolina. Much of the grain is purchased for storage, and the Latta-Dillon plant had a storage capacity of from 350,000 to 400,000 bushels. Before the grain is stored, however, it frequently is necessary to reduce the moisture content of the grain in order to prevent the formation of mold and spoilage. For that purpose, there is a special drying bin into which fresh grain is put and through which hot, drying air is forced.

In the late spring of 1980, the maintenance manager of FCX called upon Smith

and Sons, an independent electrical contractor, to replace the electrical wiring and sensors of the dryer at the Latta-Dillon plant. FCX could perform no such electrical work through its own employees, for it employed no electricians, but it had engaged Smith and Sons to do such work on many occasions.

While engaged in the repair of the dryer and the dryer's electrical system, the plaintiff, an employee of Smith and Sons, was injured in an explosion.

## II.

 This court was recently confronted with precisely this same question. In *Singleton v. J.P. Stevens & Co.*, 726 F.2d 1011 (4th Cir.1984), an employee of an independent electrical contractor, who was injured while repairing electrical lines in one of the defendant's plants, was held to have been the statutory employee of the defendant. Hence, we need not here recanvass all that was said in *Singleton.*

South Carolina's Workmen's Compensation Act created an exclusive statutory remedy for the compensation of injured employees of a covered employer. At the same time, South Carolina abolished the jurisdiction of its courts to entertain common law claims of such employees. In order to foreclose the subcontracting of work to uncovered employees of other employers, the statutory definition of employee includes any person while he is performing work as a part of the owner's trade, business, or occupation.

The South Carolina Supreme Court has held that a person is performing the trade, business or occupation of an owner if he is engaged in work that is essential to the function of the employer's business, even if the employer never performed that particular work with its own employees. *See, e.g., Boseman v. Pacific Mills,* 193 S.C. 479, 8 S.E.2d 878 (1940), *Wilson v. Duke Power Co.,* 273 S.C. 610, 258 S.E.2d 101, 104 (1979). In *Singleton* we tracked the decisions of the South Carolina Supreme Court.

## III.

 Citing *Byrd v. Blue Ridge Electric Cooperative,* 356 U.S. 525, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958), the plaintiff contends that it, nevertheless, was inappropriate to direct a verdict for the defendant since, under *Byrd,* the question is generally one for the jury in a federal court. This contention was sufficiently addressed in *Singleton.* Without regard to the possibility that South Carolina has made the question one of jurisdictional fact, the question of the applicability of the statute is one for the court when there is no underlying genuine issue of disputed fact. *Walker v. United States Gypsum Co.,* 270 F.2d 857 (4th Cir.1959).

## IV.

 The plaintiff sought and received a federal court's interpretation of state law. He now urges that we certify the question to the Supreme Court of South Carolina. At this juncture, the question comes with little grace. *See Cantwell v. University of Massachusetts,* 551 F.2d 879, 880 (1st Cir. 1977).

The Supreme Court of South Carolina's Rule 46 provides for certification by a federal court of questions of law when there is no ample precedent to guide the certifying court as to the answer the state court would provide. There is ample state precedent on this question. The Supreme Court of South Carolina has dealt with some frequency with the question over a period of forty years. *See, e.g., Boseman v. Pacific Mills,* 193 S.E. 479, 8 S.E.2d 878 (1940); *Adams v. Davison-Paxon Co.,* 230 S.C. 532, 96 S.E.2d 566 (1957); *Bell v. South Carolina Electric and Gas,* 234 S.E. 577, 109 S.E.2d 441 (1959); *Bridges v. Wyandotte Worsted Co.,* 243 S.C. 1, 132 S.E.2d 18 (1963); *Parker v. Williams and Madjanik, Inc.,* 275 S.C. 65, 267 S.E.2d 524 (1980).

## V.

Finding no error, we affirm.

AFFIRMED.