**Vincent A. HENDERSON, et al.**

v.

**DRESSER INDUSTRIES, INC., et al.**

Civ. No. JFM-86-2952.

United States District Court,
D. Maryland.

Nov. 6, 1987.

Alvin Solomon, Baltimore, Md., for plaintiff.

James R. Eyler, Miles & Stockbridge, Baltimore, Md., David A. Boynton, Rockville, Md., for defendant.

### MEMORANDUM

MOTZ, District Judge.

This is an action brought by Vincent Henderson and his wife against Dresser Industries, Inc. and Harbison-Walker Refractories Division of Dresser Industries, Inc. (collectively referred to as "Dresser"). It involves burns which Henderson suffered while he was working at one of Dresser's plants as an employee of State Electric, Inc., which had a contract with Dresser to do certain electrical work. Henderson has previously been awarded worker's compensation for his injuries. In this action he claims that his injuries were caused by Dresser's negligence in having permitted chemicals and contaminants to

accumulate and ignite in the area where he was removing wires from their terminals. Discovery has been completed, and Dresser has moved for summary judgment on the ground that it was Henderson's "statutory employer" and therefore is shielded from a negligence suit by Maryland's workers' compensation law.

Section 62 of Maryland Ann.Code Art. 101 provides as follows:

> when any person as a principal contractor, undertakes to execute any work which is a part of his trade, business or occupation which he has contracted to perform and contracts with any other person as subcontractor, for the execution by or under the subcontractor, of the whole or any part of the work undertaken by the principal contractor, the principal contractor shall be liable to pay to any workman employed in the execution of the work any compensation under this article which he would have been liable to pay if that workman had been immediately employed by him....

The reason for making principal contractors liable under the workers' compensation law to employees of subcontractors was to "[forestall] evasion of the Act by any employers who might seek to avoid its [sic] obligations by subdividing their operations though subcontracts." *Roland v. Lloyd E. Mitchell, Inc.*, 221 Md. 11, 19, 155 A.2d 691, 696 (1959). As a corollary to their subjection to the swifter and more certain procedures of the workers' compensation law, however, such statutory employers receive the same protection from ordinary tort suits as other employers.

Courts have distilled four requirements from Section 62. A statutory employer is

(1) a principal contractor

(2) who has contracted to perform work

(3) which is part of his trade, business or occupation; and

(4) who has contracted with another party as a subcontractor for the execution by or under the subcontractor of the whole or any part of such work.

*Brady v. Ralph Parsons Co.*, 308 Md. 486, 503, 520 A.2d 717, 726 (1987), citing *Honaker v. W.C. & A.N. Miller Development Co.*, 278 Md. 453, 460, 365 A.2d 287, 291 (1976), *modified after remand* 285 Md. 216, 401 A.2d 1013 (1979). Henderson contends that Dresser fails to meet the first and second requirements, because Dresser's business is the sale of goods rather than the performance of work. Henderson further contends that Dresser has failed to show that State Electric was engaged in work that was a part of Dresser's trade or business, or that State Electric was working on a specific contract that defendant had agreed to perform, thus failing to satisfy the fourth requirement.

Henderson's first contention is supported by the recent pronouncement of the Maryland Court of Appeals in *Lathroum v. Potomac Electric Power Co.*, 309 Md. 445, 451, 524 A.2d 1228, 1230–31 (1987) that " 'the principal contract' contemplated by the legislature is one in which a contractor agrees for stated consideration to perform some work or service according to plans, specifications or directions of a third party.... [A] contract for the sale of a product ... is not within the contemplation of the 'statutory employer' provision of the Act." The two cases cited by the Court of Appeals in support of this proposition, however, actually held that it is the subcontract, not the principal contract, which must establish more than a vendor/vendee relationship in order for section 62 to apply. *See Roland v. Lloyd E. Mitchell, Inc.*, 221 Md. 11, 155 A.2d 691 (1959); *State v. City of Baltimore*, 199 Md. 289, 86 A.2d 618 (1952). The holding in these two cases is clearly mandated by the policies underlying the statutory employer concept; the dictum in *Lathroum* is not. Therefore, since this Court believes that there is a clearer ground for decision here, it will decline to reach the question of whether the Court of Appeals may have misspoke itself in characterizing the *Roland* and *City of Baltimore* decisions.

What this Court finds to be dispositive of the pending motion is Henderson's contention that State Electric was not performing a part of Dresser's own work. Since Dresser is in the business of manufacturing refractory bricks and State Electric is in the business of electrical contracting, this point may at first glance seem rather

obvious. It is not. For example, the Fourth Circuit has held under somewhat similar circumstances that an employee of an independent electrical contractor who was injured while installing high voltage cables at a textile plant was a statutory employee of the textile manufacturer. *See Singleton v. J.P. Stevens & Co., Inc.,* 726 F.2d 1011 (4th Cir.1984). *See also Smith v. FCX, Inc.,* 744 F.2d 1378 (4th Cir.1984), *cert. denied,* 471 U.S. 1103, 105 S.Ct. 2330, 85 L.Ed.2d 848 (1985). However, in *Singleton* the Court was interpreting South Carolina law, and Maryland law dictates a contrary result.[1]

The cases yield no crystalline rule of decision. Indeed, this is an area of the law in which attempts at general formulations tend to blur rather than aid analysis.[2] The fact patterns vary so greatly from case to case that it is impossible to assert any pure governing principle. However, a number of factors are suggested by the relevant case law—derived from vast accumulated experience—which demonstrate that it cannot be said that Dresser was Henderson's statutory employer as a matter of law. These factors—no one of which necessarily is controlling—include the following:

(1) The work to be performed by State Electric was not a component of, or of the same nature and kind as, the finished product sold by Dresser to its customers; *compare Honaker v. W.C. & A.N. Miller Development Co.,* 285 Md. 216, 401 A.2d 1013 (1979); *Anderson v. Bimblich,* 67 Md.App. 612, 508 A.2d 1014 (1986); *Watson v. Chemical Leaman Tank Lines, Inc.,* 260 F.Supp. 847 (D.Md.1966);

(2) Although Dresser does employ some electricians of its own, the record does not establish that the work performed by State Electric was of a kind that is part of the everyday routine of Dresser's business; *compare Wyatt v. Potomac Electric Power Co.,* 64 Md.App. 614, 618, 498 A.2d 278, 280 (1985);

(3) There is no evidence of any longstanding relationship between Dresser and State Electric involving the performance of the type of work which Henderson was performing; *compare Singleton v. J.P. Stevens & Co. Inc., supra;* and

(4) Most importantly, State Electric and Dresser were not, each "in … [its] own separate capacity, co-operating toward the execution of the whole of a particular work which the principal contractor had promised to perform." *State v. Bennett Building Co.,* 154 Md. 159, 166, 140 A 52, 54–55 (1928), cited in *Honaker v. W.C. & A.N. Miller Development Co.,* 285 Md. 216, 228, 401 A.2d 1013, 1019 (1979); *Long Co. v. State Accident Fund,* 156 Md. 639, 645, 144 A. 775, 778 (1929); *cf. Honaker v. W.C. & A.N. Miller Development Co.,* 278 Md. 453, 462, 365 A.2d 287, 292 (1976) (stressing the need for a particular third party contract).

For these reasons Dresser's motion for summary judgment is denied. A separate order to that effect is being entered herewith.

---

**1.** Maryland law is clearly different from South Carolina law in that the Maryland Court of Appeals has declined to adopt the "necessary or essential" test which is established under South Carolina law and which was the basis for the Fourth Circuit's decision in *Singleton* and *Smith.* That test was adopted by the Court of Special Appeals in *W.C. & A.N. Miller Development Co. v. Honaker,* 40 Md.App. 185, 193, 388 A.2d 562, 567 (1978), but was not referred to by the Court of Appeals in its decision reviewing that opinion. *See Honaker v. W.C. & A.N. Miller Development Co.,* 285 Md. 216, 401 A.2d 1013 (1979).

**2.** The "necessary or essential test" (see footnote 1, *supra* ) provides an example of the difficulties posed by a general formulation. That test is helpful to demonstrate the fallacy in a contention that a defendant is not a statutory employer simply because he does not himself regularly utilize his employees to do the subcontracted work where that work is well within the regular scope of his business. *See W.C. & A.N. Miller Development Co. v. Honaker,* 40 Md.App. 185, 388 A.2d 562 (1978). However, since a rational businessman presumably never expends money on work which is not "necessary or essential" to his business, the breadth of the terms of the test brings into its ambit virtually every person who does any subcontracting for the purported statutory employer.