966 F.2d 1441
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Randy BOWEN, Plaintiff-Appellant,
v.
FLEISCHMANN'S YEAST, INCORPORATED, Defendant-Appellee.
Stevie MITCHELL, Plaintiff-Appellant,
v.
FLEISCHMANN'S YEAST, INCORPORATED, Defendant-Appellee.
Lizzie MITCHELL, Plaintiff-Appellant,
v.
FLEISCHMANN'S YEAST, INCORPORATED, Defendant-Appellee.
 Nos. 91-2300, 91-2362, 91-2363.
 United States Court of Appeals,
Fourth Circuit.
 
 (CA-90-2147-1-6, CA-90-2146-1-6, CA-90-2798-1-6) Argued:
 April 9, 1992
Decided: June 8, 1992
 Appeals from the United States District Court for the District of South Carolina, at Aiken. Charles E. Simons, Jr., Senior District Judge.
 ARGUED: Mark D. Chappell, Harris & Graves P.A., Columbia, South Carolina, for Appellants.
 Charles E. Carpenter, Jr., Richardson, Plowden, Grier & Howser, Columbia, South Carolina, for Appellee.
 ON BRIEF: Michael A. Pulliam, Leslie Arlan Cotter, Jr., Deborah L. Harrison, Richardson, Plowden, Grier & Howser, Columbia, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, ERVIN, Chief Judge, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Stevie Mitchell and Randy Bowen brought claims in district court against defendant Fleischmann's Yeast, Inc. (Fleischmann's) for injuries they suffered while repairing a storage tank belonging to the defendant. The district court, finding that Mitchell and Bowen were statutory employees of the defendant and were covered by the South Carolina Workers' Compensation Act, which provided their exclusive remedy against the defendant, dismissed for lack of subject matter jurisdiction. We affirm.
 
 I.
 
 2
 Fleischmann's ferments and produces yeast in large tanks in its Gastonia, North Carolina plant. After each batch of mash is grown, a caustic solution is used to clean the fermenting tanks. In August 1988, the bottom fell out of the fiberglass tank in which the caustic solution was stored. Augusta Fiberglass, which had manufactured the fiberglass tank for Fleischmann's, sent two of its employees, Mitchell and Bowen, to Gastonia to repair the tank.
 
 
 3
 Although the storage tank had been drained of the caustic solution, Bowen and Mitchell sustained burns on their knees and buttocks from kneeling and sitting in the tank while repairing it. Both required skin grafts and were out of work for several weeks. Augusta Fiberglass paid both employees workers' compensation benefits.
 
 
 4
 Bowen and Mitchell filed a suit against Fleischmann's, and Mitchell's wife filed an action for loss of consortium. The district court found that Bowen and Mitchell were the statutory employees of Fleischmann's and dismissed the suits.
 
 II.
 
 5
 The South Carolina Workers' Compensation Act ("the Act") is the exclusive remedy for employees injured while working for their employers. S.C. Code Ann. § 42-1-540 (Law. Co-op. 1976). The Act extends protection to individuals who are injured while performing any work which is part of the "trade, business or occupation" of the employer, even though the individuals are not the employees of that employer, and would not otherwise be covered by the Act. S.C. Code Ann. § 42-1-400 (Law. Co-op. 1976). The issue in this case is whether Mitchell and Bowen were performing work which was part of the trade, business or occupation of Fleischmann's when they were injured.
 
 
 6
 The South Carolina Supreme Court has used three different tests to analyze whether individuals injured on the job were performing part of the employer's trade or business: (1) whether the work performed was an important part of the employer's trade or business, Marchbanks v. Duke Power Co., 2 S.E.2d 825 (S.C. 1939); (2) whether the work was necessary or essential to, or an integral part of, the employer's business, Boseman v. Pacific Mills, 8 S.E.2d 878 (S.C. 1940); and (3) whether the work ordinarily was performed by the employer's regular employees, Bridges v. Wyandotte Worsted Co., 132 S.E.2d 18 (S.C. 1963). The South Carolina Supreme Court has declined to lay down a hard and fast rule specifying when each test is to be applied, but has stressed that "[e]ach case must be determined on its own facts." Ost v. Integrated Prod., Inc., 371 S.E.2d 796, 798 (S.C. 1988).
 
 
 7
 Bowen and Mitchell contend that because Fleischmann's ordinarily does not use its own employees to repair storage tanks, the Bridges test is not satisfied, and they argue that we must use the Bridges test to determine whether repairing the tank was part of Fleischmann's trade or business, because this test requires the least judicial interpretation. Bowen and Mitchell failed to cite any authority for this proposition, and we find it to be without merit.
 
 
 8
 In cases factually similar to the present case, we have relied on Boseman in finding that individuals performing work essential to an employer's business were the statutory employees of that employer, even though the employer had never used its own employees to perform such work. See Singleton v. J.P. Stevens & Co., 726 F.2d 1011 (4th Cir. 1984); Smith v. FCX, Inc., 744 F.2d 1378 (4th Cir. 1984), cert. denied, 471 U.S. 1103 (1985). In Singleton, an employee of an electrical contractor was injured while repairing the defendant's electrical cables. We held that, because the defendant could not operate his plant without the electrical cables, the plaintiff's repair of the cables was an essential part of the defendant's business and the injured plaintiff was the defendant's statutory employee. In Smith, an employee of an independent electrical contractor was injured while repairing the defendant's grain dryer. This court held that the plaintiff was the statutory employee of the defendant because the grain dryer was essential to the defendant's grain storage business.
 
 
 9
 Bowen and Mitchell were injured while repairing the fiberglass tank Fleischmann's used to store a caustic solution. This solution was used 25 to 30 times per week to clean out the five fermenting tanks. Fleischmann's could not produce yeast unless the fermenting tanks were cleaned after each batch of mash was grown. The fiberglass tank used to store the caustic solution therefore was essential to the business of Fleischmann's, and Bowen and Mitchell were performing part of the trade or business of Fleischmann's when they repaired this tank.
 
 
 10
 The fact that Fleischmann's used a backup tank to store the caustic solution, until the damaged tank could be repaired, does not make the repair of that tank any less of a necessary task. The storage of caustic solution was essential to the business of Fleischmann's and Bowen and Mitchell were injured while repairing the primary storage tank, and the district court was correct in finding that they were statutory employees of Fleischmann's under the South Carolina Workers' Compensation Act.
 
 AFFIRMED