STATE OF MARYLAND, TO THE USE OF MARY HUBERT, *v.* BENJAMIN F. BENNETT BUILDING COMPANY.

[No. 48, October Term, 1927.]

*Decided January 11th, 1928.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, and Parke, JJ.

*Malcolm J. Coan,* with whom were *Paul M. Higinbothom* and *Curran & Leach* on the brief, for the appellant.

*William D. Macmillan,* with whom were *Harold Tschudi, George Moore Brady,* and *Semmes, Bowen & Semmes* on the brief, for the appellee.

Parke, J., delivered the opinion of the Court.

The Benjamin F. Bennett Building Company, the appellee, is a corporation engaged in the construction of buildings, and, for the purpose of carrying out its undertaking to erect a building, entered into a contract with Joseph B. Dunn & Sons, Inc., a corporation, to furnish all the necessary work, labor, and materials, in the finishing of the tile floors of the building in course of completion. In the employ of the second corporation and sub-contractor was an infant, Edward Hubert, who had a dependent mother; and this infant, while at labor as a tile worker, was killed, without any failure of care on his part, through the negligence of the servants of the Benjamin F. Bennett Company, the principal contractor. The death arose from an accidental injury arising out of and in the course of the infant's employment, and, pursuant to the provisions of the Workmen's Compensation Act, the accident and death of the boy was reported to the State Industrial Accident Commission by his employer. His dependent mother duly filed her claim for compensation. The commission, after a hearing, awarded her compensation and directed that it be paid by Joseph B. Dunn & Sons, the employer, and the insurance carrier, which are discharging the

award. The appellee, as the principal contractor, had complied with all the requirements of the act, and was able and willing to pay any benefits or compensation on account of the death of the infant which the commission might have found the appellee to have been liable for under the act. Two months after the award, an action was brought at law by the State, for the use of the mother, against the Benjamin F. Bennett Building Company, the principal contractor, to recover the sum of twenty thousand dollars for the damages sustained by the mother as the dependent of her dead son.

These are the material facts disclosed by the declaration and a second plea, and admitted by the demurrer to this plea. The trial court overruled the demurrer and the appeal seeks to have this ruling reversed. The important question arising on these facts is, Was the principal contractor liable in an action at law for damages sustained by a dependent mother in the death of her son through the negligence of the principal contractor?

It is common practice in certain trades for one party to agree for a reward to complete a certain work or undertaking, and then to enter into subcontracts with various parties providing for the execution by them respectively of specified parts of the whole work or undertaking, so that the whole or part thereof would be done by such subcontractors and their assistants. In this manner the principal contractor would avoid in part the responsibility for accidents happening in the carrying out of the work or undertaking. If this responsibility were so shifted upon parties too weak financially to meet it, and who had not secured compensation to their employees in one of the ways required by the statute, an injured workman, proceeding at common law or under the Workmen's Compensation Act, would obtain neither compensation nor damages. Furthermore, difficult questions arose with reference to whether the workman was the servant of the principal contractor rather than of his immediate employer, depending largely upon who had power to hire and discharge, to direct and control the workmen, and a variety

of other circumstances. In order to obviate these contingencies, and more certainly to assure the workman his contemplated compensation, the statute has imposed, under a certain state of circumstances, a liability to pay upon the principal contractor, although he might not have been held at common law the employer of the injured workman. In short, section 62 of article 101 of the Code, known as the "Workmen's Compensation Act," has provided that, where any principal contractor has undertaken to execute any work in the way of his trade, business, or occupation that he has contracted to perform, and contracts with any other party as a subcontractor for the execution by or under the subcontractor of the whole or any part of the work undertaken by the principal contractor, the principal contractor shall be liable to pay to any workman employed in the execution of the work any compensation under the act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal contractor, then, in the application of the act, reference to the principal contractor shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he was immediately employed. The effect of this provision, when brought into operation through the designated state of circumstances, is to impose the absolute liability of an employer upon the principal contractor, when he was not in law the employer of the injured workman. The result then is that where the prescribed conditions exist, the principal contractor becomes by the act the statutory employer of any workman employed in the execution of the work. This absolute statutory liability is not affected by the fact that it is later provided, in section 62, that the workman may elect whether he shall enforce the compensation against the principal contractor or the subcontractor; or that, whenever an employee proceeds against the principal contractor, the latter shall have the right to join the subcontractor or any intermediate contractor as defendant or codefendant in

the case; or that, when the principal contractor is liable to pay compensation pursuant to this section, he shall be entitled to indemnity from any employer who would have been liable to pay compensation to the employee independently of section 62. These provisions leave unimpaired the primary liability imposed by the statute upon the principal contractor. The first gives to the workman the choice of two primary liabilities, as but one is enforceable by him. The second is a matter of procedure, and the third relates to the question of indemnity to the principal contractor by the subcontractor, and neither concerns the liability of the principal contractor to the workman. This primary liability, so imposed by statute upon the principal contractor, is not based upon contract, since the legislation is predicated upon the fact that no contractual relation, as master and servant, exists between the principal contractor and the workman; nor does it flow from a breach of duty, because the liability arises independently of the existence of fault on the part of the principal contractor. This legislation, however, finds its constitutional support in the consideration that the general welfare is promoted and conserved by requiring the employer and the workman to yield something of their respective rights toward the establishment of a principle and plan of compensation for their mutual protection and advantage. The general social and economic betterment ascribed to this form of legislation has been so frequently stated in its support by this and other courts as to need no repetition. See *Solvuca v. Ryan & Reilly Co.*, 131 Md. 265; *New York Central R. Co. v. White*, 243 U. S. 188. The reasons for the enactment of this section of the act, and some of its advantages to the workmen, have already been noted in this opinion, and its corresponding special benefits to the principal contractor are that, with the imposition of a new statutory liability to a class of workmen who are not his servants, he is yet relieved of any liability at common law to any member of this class injured in the course of his employment within the act through the negligence of the principal contractor; and that, unless the injury to the workman be through the principal

contractor's neglect, the latter may recover against the sub-contractor the compensation paid. If these beneficial provisions did not exist in favor of the employer, the section here under consideration might be difficult to support on constitutional grounds. *Solvuca v. Ryan & Reilly, supra,* 271; *Ruegg's Workmen's Compensation* (9th Ed.), 176, 184.

Under the given circumstances of section 62, if a workman suffer disability or death resulting from an accidental personal injury arising out of and in the course of his employment, and not occasioned by wilful misconduct, the wilful intention of the workman to bring about the injury or death of himself or another, nor as the result solely of the intoxication of the workmen while on duty, the workman or. his dependents, in case of death, have the right to proceed against either the principal contractor or the subcontractor, but he or they are limited in making a choice to either of the two, since it is only in the contingency that the injury or death results to a workman from the deliberate intention of the employer to produce such an injury or death that the workman or his family or dependents have the privilege of abandoning the act and proceeding at law. Code, art. 101, secs. 45, 46, 14. As the death here was the result of an accident and not by design, there was no right to proceed at law, and the provisions of section 45 may be disregarded in the further discussion of the case. Consequently, if the workman or his dependents elect to claim compensation or to proceed against the principal contractor, the rights and obligations of the parties are identical with those of the parties, if the election had been to claim compensation or to proceed against the subcontractor. As a result, therefore, of the explicit statutory provisions stated, if either the principal contractor or the subcontractor secure the payment of the compensation provided, as in the instant cause, the liability of either is exclusive; and when the workman or his dependents shall receive compensation, "such payment," in the language of the act "shall be in lieu of any and all rights of action whatsoever against any person whomsoever" except as contained in section 58 of article 101. Code, art. 101, secs. 36, 14.

Section 58 is relied on to sustain the pending action. It is applicable only where the injury or death was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, and then the workman or his personal representatives or dependents, in the case of his death, may proceed either by law against the other person to recover damages or against the employer for compensation, or, in case of joint tort-feasors, against both. If compensation is claimed and awarded or paid, any employer, if self-injured, or the insurance carrier, may enforce for his or its benefit the liability of the third person, but if such employer or insurance carrier fail, within two months from the award of the commission, to start proceedings to enforce the liability of such other person, the injured workman, or, in case of death, his dependents, may enforce the liability of such other person. No matter how the proceedings be begun, the damages recovered against the third person shall be applied, omitting the slightly varying provisions with respect to costs and expenses, first, to the reimbursement of the insurance carrier, and then to the payment of the residue to the injured workman, if living, and to his dependents, in case of his death.

For section 58 to be applicable there must be some person other than the employer, through whose negligence or other wrongful act the injury or death of the workman was caused under such circumstances as to create a legal liability in the third party to pay damages in respect to the injury or death. There was no such other person in the present case. It may be said that there were two employers of the dead man. One was his immediate employer, the subcontractor, whose relation was founded in contract; and the second was his more remote statutory employer, the principal contractor, whose status, with the rights and liabilities growing thereout, was created and determined by law. As has been seen, this statute was created in aid of the public welfare and for the benefit of both the workman and the statutory employer, and the legal relation of the two at the time of death was determined by the act. And this relation was not that of a third

person, but of a statutory employer who was compelled by his status as such employer to secure, and had secured, compensation to the workman who was killed by one of the three ways specified in the act (section 15), and to incur a liability to the workman to pay "any compensation under this article which he would have been liable to pay if that workman had been immediately employed by him."

Although acting independently of the other, the principal contractor and the subcontractor, with his workmen employed in the execution of the work, were each, in his own separate capacity, co-operating toward the execution of the whole of a particular work which the principal contractor had promised to perform; and the liability of the principal contractor to pay compensation to the employees of the subcontractor is confined to only these employees who were actually engaged in the execution of the whole or a portion of that one piece of work at the time of injury.

It is this necessary employment of the employee of the subcontractor upon the piece of work which the principal contractor has agreed to perform that forms the basis of the statutory relation between the workman and the principal contractor, and, although it does not establish the relation of master and servant, as known to the common law, because of the intervention of the subcontractor as the workmen's master, yet the act creates a status which for the purposes of the act is that of employer and employee, as is explicit in the provision of section 62 that the principal contractor must pay compensation "as if that workman had been immediately employed by him."

Without extending the discussion, it seems necessary to conclude that there is no sound ground for holding on the facts of this record that the principal contractor can be said to be "some person other than the employer" within the meaning of section 58 of the act. The section cannot be considered alone, but all portions of the law must be viewed as a whole and given effect, if possible, and when this is done and the whole construed with regard for the harmonious operation of the component parts, the legislative intention evidently is tha⁺

the phrase quoted applies to some person who is not liable under the act to pay compensation to the injured employee, or his dependents, in the event of his death.

No attempt was made by the appellant to hold the principal contractor responsible as a third party by suit being brought against it, but the dependent, making her choice pursuant to section 62 between the liability of the principal contractor and that of the subcontractor, filed her claim against the subcontractor for compensation, and the State Industrial Accident Commission awarded her the compensation provided by the act, and passed an order directing the subcontractor, as the immediate employer of her son, and its insurance carrier, to pay compensation at the rate of eighteen dollars a week for one hundred and forty-four and four-ninths weeks, but not to exceed a total of twenty-six hundred dollars. This compensation is being regularly paid to the dependent. If the dependent had elected to file the claim against the principal contractor, the award would have been alike in every respect, except that the parties ordered to pay would have been the principal contractor and its insurance carrier, and there would have been no further liability in an action at law on the part of the principal contractor, no matter his fault in connection with the death of the workman. If the construction by the appellant prevail, the dependent may recover compensation of the subcontractor, and also damages at common law against the negligent principal contractor, who is thus taken out of the act, by the dependent's choosing to file her claim against the subcontractor, but who would remain within the act, if she should file her claim for compensation against the principal contractor. In short, the liability of the principal contractor would not be fixed and determined by law, but by the arbitrary exercise of the dependent's will. The result of this contention would be to impose upon the general contractor an onerous and dual liability for compensation or damages, at the election of the employees of a subcontractor, while limiting his liability to his own immediate workmen to compensation alone. This theory would deprive a class of employers within the act of their exemption

from all liability save that of compensation, which is an essential part of the general legislative plan. A construction so antagonistic to the fundamental principles underlying the enactment will not be adopted. If an employer is within the act to bear its liabilities, he must remain to be accorded its immunities, in the absence of a clearly expressed legislative intention to the contrary. On the facts of this record, the compensation awarded was exclusive of all other remedy. *Frazier v. Leas*, 127 Md. 572, 575; *Solvuca v. Ryan & Reilly*, 131 Md. 265, 271; *Hagerstown v. Schreiner*, 135 Md. 650, 653-655; *Jirout v. Gebelein*, 142 Md. 693, 698, 699; *Victory Sparkler Co. v. Francks*, 147 Md. 373-375.

As the second plea presented an insuperable obstacle to appellant's recovery, it is unnecessary to pass upon the form in which the action was brought. For the reasons assigned, there was no error in the ruling of the trial court.

*Judgment affirmed, with costs.*