689 A.2d 1323

Ronald Wayne HASTINGS, et ux.

v.

WILLIAM H. KNOTT, INC., et al.

No. 961, Sept. Term, 1996.

Court of Special Appeals of Maryland.

March 4, 1997.

James P. O'Meara, Edward C. Mackie (Rollins, Smalkin, Richards & Mackie on the brief), Baltimore, for appellants.

Bonnie Messina, Baltimore, for United States Fidelity and Guaranty.

HOLLANDER, SALMON and THIEME, JJ.

THIEME, J.

This appeal is from a garnishment action in the Circuit Court for Baltimore County (Howe, J.) wherein summary judgment was entered in favor of appellee. We shall affirm.

## FACTS

Appellant, Ronald Hastings, was employed by Glen Arm Masonry, a subcontractor of William H. Knott, Inc., a general contractor. Knott also entered into a contractual agreement with Labor World U.S.A., Inc. for temporary laborers. Robert Wilkinson, a temporary worker of Labor World who was then employed by Knott, was operating a backhoe with due authorization when he caused the backhoe to come in contact with a scaffold upon which Hastings was standing. Hastings fell approximately 25–30 feet and sustained serious injuries.

At the time of this incident, Knott had in force a general commercial liability insurance policy with appellee United States Fidelity and Guaranty (USF & G). Within the list of exclusions from coverage was the following:

2. Each of the following is also an insured:

    a. Your employees ... but only for acts within the scope of their employment by you. However, none of these employees is an insured for:

        (1) "Bodily injury" or "personal injury" to you or to a co-employee while in the course of his or her employment; . . . .

Hastings brought an action for negligence against all involved parties.[1] It was and is contended by USF & G that, under the exclusion of the policy set forth above, Wilkinson was not covered by Knott's liability insurance issued by USF

---

1. The action was brought by Hastings, *et ux.;* any reference to the parties or the judgment herein should be understood to reflect this designation.

& G, and, notwithstanding the lack of coverage, he never tendered his defense of the suit to USF & G.

Wilkinson was served with process in June of 1992, approximately six months before trial. USF & G stated that it was aware of Wilkinson's having been served, and that it did not intend to provide a defense for him. By correspondence of 2 November 1992, USF & G was notified by Hastings that it would be looked upon for satisfaction of the judgment obtained against Wilkinson.

All defendants, with the exception of Wilkinson, were granted summary judgment. The circuit court found that Wilkinson was an actual employee and that Hastings was a statutory employee of Knott at the time of the circumstances giving rise to the instant appeal, and awarded Hastings $1,031,800.37. Hastings later filed a garnishment action against USF & G, contending that Wilkinson was an insured party under Knott's policy. USF & G moved for, and was granted, summary judgment in this action. Hastings noted this appeal.

Four questions are presented for appellate review, which we reorganize slightly for the purposes of our discussion:

1.  Does the co-employee exception to liability coverage set forth in the subject insurance policy apply, thereby precluding recovery?

2.  Does the workers' compensation exclusion of Knott's insurance policy apply?

3.  Was appellee prejudiced by the judgment debtor's failure to request a defense?

4.  Is appellant entitled to interest on the judgment awarded against Wilkinson on 16 November 1992?

We answer "Yes" to question 1, and hold that the circuit court correctly construed the co-employee exclusion found in the insurance agreement at issue and held that the recovery in the garnishment action against appellee is therefore precluded. Accordingly, we need not address the remaining issues, which become moot.

### DISCUSSION

#### I.

Absent ambiguity, terms of an insurance policy are strictly construed and enforced. *Howell v. Harleysville Mut. Ins. Co.,* 305 Md. 435, 505 A.2d 109 (1986); *Blue Bird Cab Co., Inc. v. Amalgamated Casualty Ins. Co.,* 109 Md.App. 378, 675 A.2d 122 (1996). With respect to the exclusion at issue in the case *sub judice,* neither party takes exception to the plain language of the exclusionary clause, or with the fact that, assuming that a co-employee relationship existed between Hastings and Wilkinson at the time of the accident, the acts of Wilkinson (which resulted in injury to Hastings) are excluded from coverage. If the matter were that simple, our discussion would already be concluded:

#### II.

Inasmuch as our analysis of the merits continues, a patent inference can be drawn that the interpretive waters in which we tread are far more murky than one might initially contemplate. The trial judge, like the Court of Appeals in an action collateral to the instant appeal,[2] determined that Hastings was a statutory employee, *see, Anderson v. Bimblich,* 67 Md.App. 612, 508 A.2d 1014 (1986), and that Wilkinson was an actual employee of Knott. *See, Travelers Indem. Co. v. Insurance Co. of N. Am.,* 69 Md.App. 664, 519 A.2d 760 (1987). This Court, in *Ohio Casualty Ins. Co. v. Lee,* 62 Md.App. 176, 488 A.2d 988 (1985), addressed a "co-employee" exclusion in the context of a general liability insurance policy. Neither this Court nor the Court of Appeals has applied such a concept to a situation in which the tortfeasor's employment is actual in nature and the injured party's employment is statutory in nature.

---

**2.** The Court of Appeals affirmed the finding of the trial court which held that Hastings's immediate supervisor was entitled to immunity for any alleged negligence or negligent omission which may have caused the injuries here alleged. *See, Hastings v. Mechalske,* 336 Md. 663, 650 A.2d 274 (1994).

The dispositive factor in establishing the existence of an employer/employee relationship is "control." *Whitehead v. Safway Steel Products*, 304 Md. 67, 78, 497 A.2d 803 (1985). So long as the employer maintains a similar degree of control over its employees, they ought to be treated similarly at both the job site and in the courts, irrespective of any semantics that may classify their employment status. For purposes of the co-employee exclusion at issue, distinguishing between the employment status of Wilkinson and that of Hastings is irrelevant. We agree with the trial judge that the acts of Wilkinson are excluded from coverage under the subject policy.

The federal district court for Maryland, in a factual posture much like to the one now before us, determined "that if a person is considered as being an employee of another for purposes of the state Work[ers'] Compensation Act, he should also be so considered for purposes of determining the applicability of exclusionary provisions of an insurance contract." *Riviera Beach Volunteer Fire Company, Inc. v. Fidelity and Cas. Co. of New York*, 388 F.Supp. 1114, 1122 (D.Md.1975). *Riviera Beach* involved an on-the-job motor tort and a full-time county firefighter who was assigned to a volunteer fire company as the resident professional firefighter. Whether their designation was full-time or volunteer, *i.e.*, actual or statutory, respectively, all involved firefighters were under the exclusive control of Riviera Beach, and were therefore covered under the liability policy in effect at the time of the accident. Appellant's reliance on *Pennsylvania National Mutual Cas. Ins. Co. v. Bierman*, 266 Md. 420, 292 A.2d 674 (1972), is inapposite. That case involved the ability of an employee to recover in tort from an executive officer of his employer in light of a "Severability of Interests Clause" contained in the applicable insurance policy. *Bierman* contemplated neither the issue of a co-employee exception nor the issue of statutory versus actual employees. Any reliance thereon is without persuasive value.

### III.

Returning to the case now before us, we think it illogical to segregate two employees on the Knott construction site simply

because one wears a hard hat issued by Glen Arm Masonry, and the other wears a hard hat issued by Labor World. Once each has passed through the perimeter fence and arrived at work, whoever may have sent them to their place of employment (albeit perhaps temporary) becomes immaterial, because each is equally subordinate to the on-the-job control of the general contractor. Their assignments may be different in substance, but each works toward the common endeavor of the project's overall completion.[3]

Only in the administrative record keeping process can a differentiation be made between the statutory and actual employee. At work, however, it is quite possible, and perhaps even probable, for a statutory employee such as Hastings and a temporary employee such as Wilkinson to work side-by-side on a daily basis in the performance of identical tasks while under identical direction by Knott. To here cast away the obvious is nonsensical and imprudent. Hastings and Wilkinson, with respect to their employment with Knott, are identical but for a theoretical classification; they ought to be treated identically in the context of whether they are insured parties under the insurance contract at issue.

## IV.

Given our holding above, no ambiguity remains as to the terms of the co-employee exclusion upon which USF & G relies to preclude Wilkinson from being insured under Knott's policy. Irrespective of any relevant classifying administrative designations, and strictly construing the language of the policy, Wilkinson is not an insured under Knott's policy for those of his acts that resulted in the bodily or personal injury of his co-employee, Ronald Hastings. Because Wilkinson was not an insured, and is therefore not covered under Knott's policy,

---

**3.** For purposes of determining who is a covered employee for potential compensability under the circumstances of the instant case, no distinction is made between an actual and a statutory employee. *See generally,* Maryland Code Ann., Labor and Employment Article § 9–202 (1991 Repl.Vol.). We note, however, that Hastings allegedly received workers' compensation benefits through Glen Arm Masonry.

USF & G cannot be looked to for satisfaction of a judgment for which it has no obligation.

**JUDGEMENT AFFIRMED.**

**COST TO BE PAID BY APPELLANT.**