Roy WEAKLAND

v.

THE UNITED STATES
of America et al.

No. CIV.A.DKC 2002–3083.

United States District Court,
D. Maryland.

Oct. 22, 2003.

Bruce D. Zeidman, Cofsky and Zeidman LLC, Haddonfield, NJ, Peter A. Wimbrow, III, Ocean City, MD, for Plaintiff.

Ariana Wright Arnold, Office of the United States Attorney, Baltimore, MD, Harry J. Carleton, Rhatigan Ollen Carleton and Costabile, Fairfax, VA, for Defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this tort liability suit is the motion for summary judgment of Defendant R.R. Gregory Corp. ("R.R. Gregory"). The issues have been briefed and no hearing is deemed necessary. Local Rule 105.6. For the reasons that follow, the court will grant the motion for summary judgment.

## I. Background

The following facts are either uncontroverted or viewed in the light most favorable to Plaintiff. On September 22, 1999, Plaintiff Roy Weakland was injured while working on the Joint Strike Fighter Hover Pit ("Hover Pit") at the Naval Air Station Patuxent River, located in Patuxent River, Maryland. The Hover Pit was and is owned by Defendant United States Navy. The Navy had contracted with Defendant R.R. Gregory for the construction of the Hover Pit. Defendant R.R. Gregory subcontracted with Shared Systems Technology, Inc. ("Shared Systems") for construction of part of the Hover Pit, and Shared Systems subcontracted with Delphi Engineering, Inc. ("Delphi") for heat curing of the Hover Pit's refractory. On September 22, 1999, Plaintiff, an employee of Delphi, was engaged in the process of curing the refractory overnight. At some point during the night, Plaintiff fell into the Hover Pit and was injured.

On September 18, 2001, Plaintiff filed an administrative claim with the United States Navy as required under 29 U.S.C. § 2675(a). The claim was denied on January 7, 2002 and Plaintiff's subsequent request for reconsideration was also denied. On September 18, 2002, Plaintiff filed suit alleging one count of negligence against the Navy, R.R. Gregory, Jim Fletcher, and John Does 1–15. Subsequently, the Navy, R.R. Gregory, and Jim Fletcher answered. R.R. Gregory also filed a third party complaint against Shared Systems seeking indemnification and contribution as well as damages for breach of contract. Shared Systems joined R.R. Gregory's motion for summary judgment. Discovery has been stayed pending resolution of the motion. Defendant R.R. Gregory, moves for summary judgment on the ground that it is immune from liability in a personal injury action as a statutory employer under § 9–508 of the Labor and Employment Article of the Maryland Code.[1] *See* Md.Code Ann.,

---

**1.** Section 9–508 "is new language derived without substantive change from the former [Maryland Worker's Compensation Act, Maryland Code,] Art. 101, § 62." *Para v. Richards Group of Washington Ltd. P'ship,* 339 Md. 241, 245, 661 A.2d 737, 740 (Md.1995).

Thus, while this suit arises under the current statutory employer provision codified at § 9–508, the court will look to prior decisions analyzing both § 9–508 and the former Art. 101, § 62.

Labor & Employment Art. § 9–508 (1999 Repl. Vol).

## II. Standard of Review

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir.1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir.1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir.1950). The moving party bears the burden of showing that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Pulliam Inv. Co.*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979)).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir.1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element ... necessarily renders all other facts immaterial." , 106 S.Ct. 2548*Celotex Corp.*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505.

In *Celotex Corp.*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548. However, " 'a mere scintilla of evidence is not enough to create a fact issue.' " *Barwick v. Celotex Corp.*, 736 F.2d 946, 958–59 (4th Cir.1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C.1966), *aff'd*, 388 F.2d 987 (4th Cir.1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted).

## III. Analysis

Defendant R.R. Gregory moves for summary judgment on Plaintiff's claim of negligence, claiming immunity as a statutory employer under § 9–508 of Labor and Employment Article, Maryland Code (1999 Repl. Vol). Plaintiff argues that R.R.

Gregory is not entitled to statutory employer status because: (1) R.R. Gregory was not in the business of heat curing concrete for which Delphi was retained and (2) Delphi was a subcontractor of Shared Systems and not R.R. Gregory.[2] Viewing the record in the light most favorable to Plaintiff, Defendant R.R. Gregory is a statutory employer under Maryland's worker's compensation provisions and is therefore immune from tort liability.

Under Maryland law, an injured worker may sue a "person other than an employer" in a third-party tort action. *See* Md. Code Ann., Labor & Employment Art. § 9–901 (1999 Repl. Vol). A "statutory employer," however, does not fall within the definition of "a person other than an employer" and is therefore shielded from liability for damages other than through the worker's compensation process. *See id.* § 9–508. Immunity as a statutory employer is only available to:

(1) a principal contractor

(2) who has contracted to perform work

(3) which is a part of his trade, business or occupation; and

(4) who has contracted with any other party as a subcontractor for the execution by or under the subcontractor of the whole or any part of such work.

*Honaker v. W.C. & A.N. Miller Development Co.,* 278 Md. 453, 460, 365 A.2d 287 (1976) (*Honaker I* ). The Court of Appeals of Maryland has explained that the statute:

clearly requires two contracts, one between the principal contractor and a third party whereby it is agreed that the

principal contractor will execute certain work for the third party, and another between the principal contractor and a person as subcontractor whereby the subcontractor agrees to do the whole or part of such work for the principal contractor.

*Id.* Stated another way, "there must be an original contract and a subsequent contract," *id.,* and the principal contractor "must have contracted in the first instance to do the work himself, and subsequently sublet the whole or a portion of it to someone else." *Long Co. v. State Accidental Fund,* 156 Md. 639, 645, 144 A. 775, 778 (Md.1929). It must be shown that the "principal contractor and the subcontractor, with his workmen employed in the execution of the work, were each, in his own separate capacity, co-operating toward the execution of the whole of a particular work which the principal contractor had promised to perform." *State v. Bennett Bldg. Co.,* 154 Md. 159, 166, 162, 140 A. 52, 54 (Md.1928).

Here, R.R. Gregory entered into a contract with the Navy for construction of the Hover Pit. Then R.R. Gregory hired Shared Systems as a subcontractor for construction on part of the Hover Pit, and Shared Systems subcontracted with Delphi for heat curing of the Hover Pit's refractory. *See* Paper 11, ex. 3, ¶¶ 3, 4. Thus, it is undisputed that an original and subsequent contracts exist.

### A. Nature of Business

■ Plaintiff argues, however, that the evidence does not clearly establish that the work being done by Delphi under the sub-

---

2. Plaintiff also argues that he was not an employee of R.R. Gregory under common law standards and, therefore, Defendant is not entitled to immunity. This argument is meritless. The applicable standard in this case is not whether Defendant was an employer at common law, but whether it is a statutory

employer under Maryland's worker's compensation provisions. A principal contractor may be entitled to immunity as a statutory employer "although he might not have been held at common law the employer of the injured workman." *Brady v. Ralph Parsons Co.,* 308 Md. 486, 502, 520 A.2d 717, 726 (1987).

sequent contract, i.e., heat curing concrete for the refractory, was part of Defendant R.R. Gregory's "trade, business or occupation." *Brady,* 308 Md. at 504, 520 A.2d at 727. Accordingly, R.R. Gregory would not be entitled to statutory employer status. Neither the law nor the evidence support Plaintiff's narrow reading of the statute.

While the work subcontracted must be part of the principal contractor's "trade, business or occupation," it is not necessary that the work by the subcontractor be explicitly stated in the original contract or be something that the principal contractor is actually capable of doing. Rather, it is only necessary to show that the subcontractor is responsible for "part of the work for which the principal contractor was responsible." *Honaker v. W.C. & A. N. Miller Dev. Co.,* 285 Md. 216, 229, 401 A.2d 1013, 1019 (Md.1979) (*Honaker II* ). The contract between the Navy and R.R. Gregory clearly states that R.R. Gregory was responsible to "furnish anything necessary to complete in place the Refractory work." *See* Paper 11, ex. 2, ¶ 1. Additionally, the provision and preparation of necessary concrete columns and surfaces is explicitly provided for in Schedule A of the contract. *See id.,* ex. 2, sched. A.

Despite Plaintiff's contention, it is irrelevant that R.R. Gregory has not specifically identified the exact type of construction in which it specializes. The existence of the contractual agreement and R.R. Gregory's resulting obligations speak for themselves as to the "trade, business or occupation" that R.R. Gregory was contractually obligated to perform. The record, taken in the light most favorable to Plaintiff, clearly establishes that R.R. Gregory, with Delphi and its employees, "were each, in his own separate capacity, co-operating toward the execution of the whole of a particular work which the principal contractor had promised to perform." *Bennett Bldg. Co.,* 154 Md. at 162, 140 A. at 54.

### B. Subcontract Relationship

Plaintiff also contends that R.R. Gregory is not entitled to statutory employer status because its second contract was with Shared Systems and not Delphi, a sub-subcontractor, directly. Once again, Plaintiff's narrow reading of § 9–508 is not supported by Maryland case law.

 To prove the existence of a subcontract, there must be a "contract that assigns some of the obligations of a prior contract to another party." *Honaker I,* 278 Md. at 461, 365 A.2d at 292. The existence of a subcontract under § 9–508 is not limited to the immediate contracts with the principal contractor. Rather, the Court of Appeals of Maryland has stated:

> The term "by or under the subcontractor" indicates that the statutory liability of the principal contractor is not limited solely to employees of the subcontractor, but can also include employees of a sub-subcontractor who have no contractual relationship with the principal contractor.

*Brady,* 308 Md. at 504, 520 A.2d at 727; *see also Palumbo v. Nello L. Teer Co.,* 240 F.Supp. 226, 232 (D.Md.1965) ("[T]he use of the broader phrase 'by and under the subcontractor' makes clear this legislative intent" to extend statutory immunity from tort liability for injuries suffered by employees of sub-subcontractors). Thus, in this case, it is irrelevant that R.R. Gregory did not directly contract with Delphi, but that its subcontractor Shared Systems subcontracted with Delphi to assist in the construction of the Hover Pit. Both the subcontractor and those under it, *i.e.,* Delphi and its employees, were retained for the purpose of completing the work promised by R.R. Gregory to a third party, the Navy. Indeed, it was by working toward fulfilling the contract with the Navy that Plaintiff was injured. Furthermore, Plaintiff's narrow reading of the applicable stat-

utory provisions is contrary to one of the principal purposes behind the Act: to prevent a principal contractor who subcontracts work on a project from "avoid[ing] in part the responsibility for accidents happening in the carrying out of the work or undertaking." *Bennett Bldg. Co.*, 154 Md. at 161, 140 A. at 53. Thus, the evidence establishes that R.R. Gregory is a statutory employer entitled to immunity by law from tort liability.

## IV. Conclusion

For the foregoing reasons, the motion of R.R. Gregory for summary judgment will be granted. As a result of the disposition of claims against R.R. Gregory, the third-party complaint against Shared Systems is rendered moot and will be dismissed without prejudice.